Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,897-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| CP COMMERCIAL PROPERTIES, LLC | Plaintiff-Appellee |

versus

| | |
|---|---|
| LATASHA SHERMAN | Defendant-Appellant |

* * * * *

Appealed from the
Shreveport City Court for the
Parish of Caddo, Louisiana
Trial Court No. 2020E03758

Honorable John Marion Robinson (*Pro Tempore*), Judge

* * * * *

| | |
|---|---|
| LEGAL AID OF NORTH LOUISIANA<br>By: Terri Anderson-Scott | Counsel for Appellant |
| | |
| WINCHELL & JOSEPH, LLC<br>By: Mary Ellen Winchell | Counsel for Appellees<br>CP Commercial Properties,<br>Mackey Lane Properties,<br>LLC, and Karen Johnson |

* * * * *

Before COX, THOMPSON, and ROBINSON, JJ.

**ROBINSON, J.**

Latasha Sherman appeals a judgment ordering her eviction. We affirm the judgment.

## FACTS

Mackey Lane Properties, LLC, owns a residence ("premises") located at 2838 Mackey Lane in Shreveport. CP Commercial Properties, LLC, is the management company for Mackey Lane. Karen Johnson is the agent for Mackey Lane as well as the property manager for the premises.

On April 2, 2017, Sherman signed a lease for the premises. The term of the lease was from May 1, 2017, to midnight on April 30, 2019. The lease provided that it would be converted to a month-to-month lease if Sherman remained in possession of the premises after the original term expired. Under those circumstances, the lease would be terminated by either party providing written notice of 15 days.

Believing that the lease expired on April 30, 2019, Johnson began eviction proceedings in August of 2019. However, the trial judge presiding over that matter ruled on August 26 that based upon conversations between Johnson and Sherman, there was a one-year lease in existence from May until April. The judge also found there was no violation of the lease terms by Sherman. The eviction was denied.

By letter dated March 16, 2020, Johnson wrote to Sherman that she did not intend to renew the lease when it expired on April 30, 2020. Sherman was asked to vacate the premises no later than 5:00 p.m. on April 30, 2020. The August 26 ruling was referred to in the letter. This letter was delivered to Sherman on March 18.

By letter dated April 29, 2020, Johnson wrote to Sherman that per the March 16 letter, she did not intend to enter into another one-year lease with Sherman. However, recognizing that Sherman might have difficulty finding another place to live because of Louisiana's "stay at home order" and the general state of affairs, Johnson offered to continue the lease on a month-to-month basis beginning on May 1.

By letter dated July 14, 2020, Johnson wrote to Sherman that she was giving 30-day notice for the lease to end on August 31, 2020. Johnson wrote that she was instructing the Housing Authority that no payment for September should be remitted since the lease will end on August 31. However, if Sherman sent a payment, it would apply to the balance that she owed for repairs previously billed to her. The letter was delivered to Sherman on July 25, 2020.

On August 6, 2020, Mackey Lane filed a petition to evict Sherman on the basis that she had violated terms of the lease regarding payment for plumbing repairs, having a pet on the premises, and failing to maintain the premises. The notice to vacate the premises because of these alleged violations was apparently received by Sherman on July 8 and July 27. A hearing was held on August 17, 2020. A different trial judge than the one who presided over the 2019 hearing denied relief because Johnson failed to establish the alleged defaults.

On September 1, 2020, CP Commercial Properties filed a petition for eviction against Sherman. The petition alleged that the term of the lease had expired and Sherman had been given sufficient notice that the owner did not want to continue the lease. The petition also alleged that notice to vacate was given on July 23, 2020.

Sherman filed an answer and affirmative defenses. She denied that a notice to vacate was given to her on July 23, 2020. She asserted that acceptance of the August rent vitiated the notice to vacate and reinstated the lease for another month. She further asserted that the notice was not timely or proper, and it was not predicated upon any of the permissible reasons for termination of a Section 8 tenant. Finally, she contended that the eviction was in retaliation for three earlier failed attempts to evict her and for her complaints to the City of Shreveport concerning property standards violations.

A hearing on the petition was held on September 9, 2020. A trial judge who had not presided over the two prior hearings rejected the affirmative defenses and entered a judgment of eviction on that date. Sherman has appealed. She argues that the trial court erred in evicting her because: (i) there were inconsistencies concerning the date the notice to vacate was allegedly given to Sherman; (ii) acceptance of rent in August vitiated the alleged notice to vacate; (iii) the notice to vacate was not timely or proper; (iv) Sherman was not given proper notice of termination as required by federal law; and (v) the eviction was done in retaliation.

## DISCUSSION

### *Date of notice*

The petition for eviction listed July 23 as the date that the July 14 notice of termination was received by Sherman. However, July 23 was the date the notice was mailed. Sherman maintains that because of this error, the basic requirements of due process were not satisfied.

The certified mail receipt shows that Sherman signed for the notice on July 25. Sherman contended that it was not her signature. Nevertheless, the

3

July 14 was letter was filed into evidence at the August 17 hearing by Sherman, so she clearly came into possession of it. Sherman suffered no prejudice because the petition listed the incorrect date that notice was received.

### *Compliance with La. C.C. art. 2728(2)*

Sherman contends that notice was neither timely nor proper under La. C.C. art. 2728(2), which required notice of termination ten calendar days before the end of the month. The court found that notice was proper. Notice was given more than ten calendar days before the lease was to terminate at the end of August.

Sherman was not entitled to additional notice merely because Johnson sought termination on other grounds in a separate proceeding after she received the July 14 notice. The July 14 notice did not serve as the basis for the August 17 hearing, which concerned alleged violations of the lease. The terminations were sought on entirely different grounds.

### *Acceptance of rental payment*

Sherman asserts that the acceptance of the rent for August vitiated the July 14 notice. When a rental payment is accepted after notice to vacate has been given, the notice is vitiated and the tenant's possession is maintained. *Housing Authority of Town of Lake Providence v. Allen*, 486 So. 2d 1064 (La. App. 2 Cir. 1986). However, this case does not involve a notice to vacate that is premised on the nonpayment of rent or other breach of the lease conditions. Rather, eviction is being sought because the term of occupancy has come to an end and Johnson no longer wants Sherman as a tenant. Moreover, the rent that was accepted was for the remaining month of

occupancy, August. Rent was not accepted for the month following the month of termination.

*CARES Act*

Sherman maintains that she was not given proper notice of termination as required by federal law for Section 8 tenants. However, her argument is largely centered on the application of Section 4024(c) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.[1] This Section imposed a temporary moratorium on certain eviction filings. In particular, it states:

> (b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not— (1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or (2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.
>
> (c) NOTICE.—The lessor of a covered dwelling unit— (1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and (2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

Paragraph (c) sets forth when notice to vacate may be sent following the moratorium stated in paragraph (b). However, that moratorium is not even applicable in this matter as it applies to "legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges[.]" The eviction at issue is premised upon the ending of the lease period.

---

[1] Pub. L. No. 116-136, 134 Stat. 281, 492-4 (2020).

5

*Retaliation*

Sherman is operating under the belief that she is being evicted in retaliation for her successful defenses against three prior eviction attempts, as well as a complaint she had filed in June with the City of Shreveport concerning Johnson's failure to cut the grass. The trial court found that Sherman failed to meet her burden of proving this affirmative defense. We find no error in the trial court's decision to reject this affirmative defense or any of the other affirmative defenses that Sherman raised.

## CONCLUSION

For the foregoing reasons, we conclude that Sherman's arguments on appeal are entirely without merit. Sherman, who proceeded *in forma pauperis* in this appeal, is to pay appeal costs to the extent permitted by La. C.C.P. art. 5188. The judgment is AFFIRMED.